UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Elma Clarke a/k/a Elma Durant, individually and on behalf of persons similarly situated<br><br>                            Plaintiffs,<br><br>                -against-<br><br>McCabe, Weisberg & Conway, LLC<br><br>                            Defendant. | **Civil Action No.**<br><br>**CLASS ACTION COMPLAINT**<br><br>**NO JURY TRIAL DEMANDED** |

Plaintiff, through its attorneys, Sharova Law Firm Complains of the defendants as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff and the putative class members are primarily foreclosure defendants whose mortgage debts have been referred to the defendant McCabe, Weisberg & Conway, LLC (hereinafter "McCabe").

2. Plaintiff brings this class action on behalf of what upon information and belief hundreds or thousands of consumers who have received substantively defective FDCPA debt validation notices from the Defendant.

3. There are three classes of individuals which this action represents, and Plaintiff falls into each class. Those classes are:

   i) Individuals who received FDCPA debt validation notices with itemizations which are defective and misleading under the recently promulgated Consumer Financial Protection Bureau "Regulation F", 12 CFR §1006.34(b)(iii);

   ii) Individuals who received debt collection correspondence directly while represented by attorneys;

iii) Individuals who received FDCPA communications showing an incorrect creditor's name.

4. McCabe is a law firm primarily handling residential foreclosure actions, the majority, if not entirety of which are subject to the FDCPA.

## PARTIES

5. At all times mentioned herein, Plaintiff Elma Clarke a/k/a Elma Durant, is a natural person residing in Queens County, City and State of New York. She is a representative of each of the three classes of persons identified in this Complaint.

6. At all times hereinafter mentioned in this Complaint, Plaintiff is a consumer as defined in the FDCPA, being a natural person obligated or allegedly obligated to pay any debt, as "debt" is defined in Section 803(5) of the FDCPA, §15 U.S.C. 1692a(5).

7. Defendant is a law firm which operates as a debt collector under the Federal Fair Debt Collection Practices Act, 15 U.S.C. 1692 with offices located in several States including New York, Pennsylvania, and Florida. Upon information and belief, Defendant's principal place of business is 1 Huntington Quadrangle, Suite 3C20, Melville New York 11747. At all times relevant to this Complaint, Defendant has transacted business in this District.

8. At all times material to this Complaint, Defendant has maintained a substantial course of trade in the collection of debts, in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over Plaintiffs' federal claim pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1692(k)(d) to obtain monetary civil penalties, a permanent injunction, restitution, disgorgement, and other equitable relief for Defendants' violations of the FDCPA.

10. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §1391 because it is the district in which one or more Defendants resides and where a substantial part of the events giving rise to Plaintiff's claims occurred, namely it is the district in which the Defendant does business, and the district where the relevant litigation over the debt alleged to be due from Plaintiff occurred.

## FACTUAL BACKGROUND

11. On November 30, 2021, the Consumer Finance Protection Bureau provided new regulations for debt collectors in their communications with debtors. These regulations include 12 CFR §1006.34(b)(iii), which requires a "new form" validation notice, and certain additional information related to the amount owed, including an itemization of that amount.

12. McCabe ignored this regulation and did not provide an itemization pursuant to new guidance.

13. On April 7, 2022, McCabe forwarded a Fair Debt Collection Practices Act notice to the Plaintiff which did not contain the itemization required by the CFPB.

14. Additionally, on April 7, 2022 Plaintiff was represented by the office of the undersigned in a quiet title action commenced under Queens County Supreme Court Index No.: 721480/2021, which seeks to cancel the debt sought to be collected in the April 7, 2022 letter. In that action, the defendant appeared through counsel.

15. McCabe therefore could have easily ascertained that Plaintiff was represented by counsel with respect to the debt sought to be collected in the April 7, 2022 letter.

16. McCabe then forwarded that letter directly to the Plaintiff, in violation of 15 U.S.C. 1692 et seq.

17. The April 7, 2022 FDCPA letter also misidentifies the creditor, identifying it as "Deutsche Bank National Trust Company, as Trustee for Carrington Mortgage Loan Trust, Series 2005-

OPT", when in fact the correct creditor is "Deutsche Bank National Trust Company, as Trustee for Carrington Mortgage Loan Trust, Series 2005-OPT2", a different trust with different originating documents.

18. Upon information and belief, the April 7, 2022 FDCPA letter is a form letter used for each and every potential foreclosure defendant whose case is referred to McCabe for collection.

19. Upon information and belief, no inquiry is made as to whether or not any recipient of an FDCPA letter from McCabe is represented by counsel with respect to the debt being collected.

20. Upon information and belief there is either no inquiry or insufficient inquiry made by McCabe into the FDCPA letters at issue correctly identifying the creditor claiming the to be owed the debt represented on those letters.

## CLASS ACTION ALLEGATIONS

21. Plaintiff repeats and realleges the preceding paragraphs of this Complaint as if it were set forth at length herein.

22. Plaintiff brings this claim on behalf of a class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

23. This class consists of all individuals in several States including New York, Pennsylvania, New Jersey, Virginia, The District of Columbia, Delaware, and Florida.

24. Defendant has engaged in a pattern of conduct including using a form FDCPA debt validation letter which violates the itemization requirements set forth in 12 CFR §1006.34(b)(iii) to wit; an itemization is not provided from any of the measuring dates provided in 12 CFR §1006.34.

25. The violation of this provision is a per se violation of the FDCPA and appears to have occurred on a large scale directed at consumers from whom Defendant seeks to collect various debts or otherwise enforce securities for those debts.

26. It also appears that defendant engages in no due diligence to determine if the consumer targeted

by their FDCPA regulated communications are represented by counsel, as evidenced by the fact that Elma Clarke a/k/a Elma Durant is the plaintiff in an action against Deutsche Bank National Trust Company, as Trustee for Carrington Mortgage Loan Trust, Series 2005-OPT2, the creditor on behalf of whom defendant seeks to collect a debt from Elma Clarke a/k/a Elma Durant.

27. A simple review of the NYSCEF system (New York State's online Court filing system) or even contact with Deutsche Bank National Trust Company, as Trustee for Carrington Mortgage Loan Trust, Series 2005-OPT2 would have revealed that Elma Clarke a/k/a Elma Durant has retained counsel with respect to the debt at issue.

28. In fact, beginning several days prior to service of the FDCPA letter at issue herein, the loan servicer acting on behalf of Deutsche Bank National Trust Company, as Trustee for Carrington Mortgage Loan Trust, Series 2005-OPT2 began sending communications directly to the Sharova Law Firm, showing awareness of Plaintiff's representation by counsel as of the date of the letter at issue herein.

29. Defendant did not use the template debt collection letter promulgated along with 12 CFR §1006.34.

30. The debt collection letter at issue herein further misstates the creditor, stating that the creditor is "Deutsche Bank National Trust Company, as Trustee for Carrington Mortgage Loan Trust, Series 2005-OPT", when in fact the correct creditor is "Deutsche Bank National Trust Company, as Trustee for Carrington Mortgage Loan Trust, Series 2005-OPT2".  While this may initially appear to be a typographical error, the actual name of a legally extant trust appears on the April 7, 2022 letter, when that trust does not seek to collect a debt from Elma Clarke a/k/a Elma Durant.

31. Because the letters at issue are form letters, and are sent to most, if not all of the consumers which Defendant collects debts, and given the size of the defendant's debt collection practice, there are thousands, if not tens of thousands of persons in each class.

32. As a result of the foregoing, it is impracticable to identify and join every affected consumer as a plaintiff.

33. As a result of the foregoing, there is commonality of questions of law and fact as to the class members which common questions predominate over any questions relating to individual class members. The predominate common questions are: (i) a form letter with multiple defects was sent to Plaintiff Elma Clarke a/k/a Elma Durant, and apparently to other consumers targeted by defendant; and (ii) whether Defendant's conduct violated the FDCPA.

34. As a result of the foregoing, and the nature of the form letter at issue, Plaintiff Elma Clarke a/k/a Elma Durant claims are typical of the claims of the class members and is representative of the persons falling into the classes set forth in the following secitons of this Complaint.

35. Plaintiff, as a person represented by counsel with respect to the underlying debt is representative of the plaintiffs as a whole, and furthermore is a diligent client seeking to save her home and protect her rights. Plaintiff is well suited to protect the interests of the class.

36. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a) **Numerosity**: Plaintiffs are informed and believe on that basis that the Plaintiff class defined in this Complaint is so numerous that joinder of all members would be impracticable. Upon information and belief, there are at least 500 members of the class, and likely thousands more. The exact number of class members is unknown to Plaintiffs

at this time and can be ascertained only through appropriate discovery. The class is ascertainable in that the names and addresses of all class members can be identified in the business records maintained by McCabe.

b) **Common questions predominate**: There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common questions of law and fact predominate over questions that may affect individual class members. Such issues include, but are not limited to: i) the existence of McCabe's identical conduct particular to the matter at issue; ii) McCabe's violations of the FDCPA; iii) The availability of statutory penalties; and iv) Attorney's fees and costs.

c) **Typicality**: The claims of the plaintiffs are typical of the classes they represent. The claims of Plaintiffs and of the class originate from the same conduct, practice, and procedure on the part of McCabe, related to what is upon information and belief a "form letter" sent to hundreds or thousands of consumers. Thus, if brought and prosecuted individually, the claims of each class member would require proof of the same material and substantive facts. Plaintiffs possess the same interests and have suffered the same injuries as each class member. Plaintiffs assert identical claims and seek identical relief on behalf of the unnamed class members.

d) **Adequacy**: Plaintiffs will fairly and adequately protect the interests of the class and have no interest adverse to or which directly and irrevocably conflicts with the interests of other members of the class. Plaintiffs are willing and prepared to serve this Court and the proposed class. The interests of the Plaintiffs are co-extensive with and not antagonistic to those of the absent class members. Plaintiffs have retained the services of counsel who are experienced in debt collection litigation, and will adequately prosecute this action, and will

assert, protect and otherwise represent Plaintiffs and all absent class members. Neither the Plaintiffs nor their counsel have any interests which might cause them to not vigorously pursue the instant class action lawsuit.

e) **Superiority**: A class action is superior to the other available means for the fair and efficient adjudication of this controversy because the individual joinder of all members of the class would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

37. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that the questions of law and fact common to members of the Plaintiff classes set forth in this Complaint predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

38. A class action is superior for the fair and efficient adjudication of this matter, in that:
   a. Individual actions are not economically feasible;
   b. Members of the class are likely to be unaware of their rights;
   c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

### AS AND FOR A FIRST CLASS: CONSUMERS WHO RECEIVED DEFECTIVE DEBT VALIDATION NOTICES CONTAINING NO ITEMIZATION

39. Plaintiffs repeat and reallege the preceding paragraphs of this Complaint as if the same were set forth at length herein.

40. Defendant violated the Federal Fair Debt Collection Practices Act as governed by 12 CFR §1006.34 in failing to provide an itemization.

41. Defendant further violated the Federal Fair Debt Collection Practices Act as governed by 12 CFR §1006.34 by failing to use any of the valid measuring dates provided in the aforementioned regulation.

42. Because these violations occurred on a form letter not complying with the sample form referenced in 12 CFR §1006.34, Plaintiff has established sufficient factual basis to maintain a class action against defendants.

43. As a result of Defendant's violation of the FDCPA, Plaintiffs and the class are entitled to actual and statutory damages pursuant to 15 U.S.C. § 1692k(a)(1), (2)(A), in an amount to be determined at trial by a jury; and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each Defendant.

## AS AND FOR A SECOND CLASS: CONSUMERS WHO RECEIVED DIRECT COMMUNICATIONS FROM DEFENDANT WHILE THOSE CONSUMERS WERE REPRESENTED BY COUNSEL WITH RESPECT TO THE DEBT BEING COLLECTED BY DEFENDANT

44. Plaintiffs repeat and reallege the preceding paragraphs of this Complaint as if the same were set forth at length herein.

45. At the time when the debt validation letter at issue herein was sent to the Plaintiff, she was actively represented by counsel challenging the validity of the debt represented on that letter.

46. A simple inquiry to the creditor or an inquiry in New York State's electronic filing system would have been able to identify that Plaintiff is represented by counsel.

47. Defendant's failure to do so is a per se violation of the FDCPA.

48. As a result of Defendant's violation of the FDCPA, Plaintiffs and the class are entitled to actual and statutory damages pursuant to 15 U.S.C. § 1692k(a)(1), (2)(A), in an amount to be determined at trial by a jury; and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each Defendant.

## AS AND FOR A THIRD CLASS: CONSUMERS WHO RECEIVED COMMUNICATIONS CONTAINING INCORRECT CREDITOR NAMES

49. Plaintiffs repeat and reallege the preceding paragraphs of this Complaint as if the same were set forth at length herein.

50. Defendants sent a debt validation letter to Plaintiffs containing an incorrect creditor's name, leaving out essential information to identify the specific entity seeking to collect the underlying debt.

51. In the case of the named representative plaintiff, the exact trust collecting the debt was not identified, with the suffix required to identify the correct creditor not contained in the debt validation notice.

52. This is a per se violation of the FDCPA.

53. As a result of Defendant's violation of the FDCPA, Plaintiffs and the class are entitled to actual and statutory damages pursuant to 15 U.S.C. § 1692k(a)(1), (2)(A), in an amount to be determined at trial by a jury; and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each Defendant.

## AS FOR INJUNCTIVE RELIEF IN FAVOR OF ALL PLAINTIFFS IN EACH CLASS

54. Plaintiffs repeat and reallege the preceding paragraphs of this Complaint as if the same were set forth at length herein.

55. Under Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), this Court is authorized to issue a permanent injunction to ensure that: (a) Defendant will not continue to violate the FDCPA in the manner set forth in this Complaint.

56. Plaintiffs therefore demand such an injunction so that the plaintiffs in this class, and any other person who may be affected by defendants' wrongful conduct in the future, are protected from harm under the FDCPA.

## AS FOR EQUITABLE RELIEF UNDER THE FDCPA

57. Plaintiffs repeat and reallege the preceding paragraphs of this Complaint as if the same were set forth at length herein.

58. Plaintiffs demand that this Court set forth parameters for oversight of defendant, to prevent further violations of the FDCPA in the future.

    **WHEREFORE**, it is respectfully requested that the Court enter Judgment in favor of Plaintiffs and the class and against Defendant for:

    **i)**    Certification of each of the three Plaintiff Classes identified in this Complaint pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiffs and the undersigned counsel to represent the Plaintiff Classes as previously set forth and defined above;

    **ii)**    Adjudging that McCabe violated 15 U.S.C. 1692 et seq, as clarified by Consumer Financial Protection Bureau "Regulation F", 12 CFR §1006.34(b)(iii); and

    **iii)**    An award of statutory damages for Elma Clarke a/k/a Elma Durant and the Plaintiff class pursuant to 15 U.S.C. § 1692k; and

    **iv)**    Attorney's fees, litigation expenses and costs of the action pursuant to 15 U.S.C. 1692k; and

v)         A permanent injunction to prevent future violations of the FDCPA by Defendant and equitable relief as this Court may deem appropriate; and

vi)       Such other and further relief as this Court may deem proper.

Dated: Brooklyn, New York
       June 3, 2022

                                       THE PLAINTIFF

By: *[signature]*
                                       Charles Marino, Esq.
                                       Sharova Law Firm
                                       *Attorneys for Plaintiff*
                                       147 Prince Street, 4th Floor
                                       Brooklyn, New York 11021
                                       (T) 718-766-5153
                                       (F) 718-504-3599
                                       cmarino@sharovalaw.com