UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
ELMA CLARKE, *also known as* ELMA
DURANT,

                      Plaintiff,                            **MEMORANDUM AND ORDER**

                   v.                                      22-CV-3289 (RPK) (PK)

MCCABE, WEISBURG & CONWAY, LLC,

                      Defendant.
-----------------------------------------------------------x
RACHEL P. KOVNER, United States District Judge:

      Plaintiff Elma Clarke brings this putative class action against defendant McCabe, Weisburg & Conway, LLC, alleging several violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. *See* Compl. (Dkt. #1). Despite an order directing plaintiff to identify a cognizable injury resulting from these alleged violations, *see* June 6, 2022 Order to Show Cause, plaintiff has not done so, *see* Letter (Dkt. #7). For the reasons that follow, plaintiff is denied leave to amend, and the case is dismissed without prejudice.

## BACKGROUND

      Defendant is a law firm involved in debt collection, and plaintiff is a mortgagor. Compl. ¶¶ 1, 7. At some point, plaintiff's mortgage debt was referred to defendant for collection. *Id.* ¶¶ 1, 11-17.

      On June 3, 2022, plaintiff filed a complaint alleging that one of defendant's mailings as part of this collection effort violated the FDCPA. *Id.* ¶¶ 1, 11-17. Plaintiff claimed three FDCPA violations from the letter: (i) it did not itemize her debt, as required by 12 C.F.R. § 1006.34(b), (ii) it misidentified her creditor as "Deutsche Bank National Trust Company, as Trustee for Carrington Mortgage Loan Trust, Series 2005-OPT" rather than "Deutsche Bank National Trust Company, as

1

Trustee for Carrington Mortgage Loan Trust, Series 2005-OPT2," and (iii) it was sent to plaintiff rather than to the counsel that she had retained in a quiet-title action brought against the creditor. *Id*. ¶¶ 11-17. Absent from the complaint were allegations that these statutory violations caused plaintiff any injury whatsoever. *See* Compl. The Court directed plaintiff to submit a letter showing cause why the case should not be dismissed for lack of standing. *See* June 6, 2022 Order to Show Cause (citing *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021)).

Plaintiff responded that she had suffered an injury analogous to "intrusion upon seclusion." *See* Letter 1 (citing *Gadelhak v. AT&T Services, Inc*., 950 F.3d 458 (7th Cir. 2020)). In support, plaintiff suggests four harms resulting from defendant's statutory violations: (i) that she "expended attorney time" discussing a "useless" letter, (ii) that she did not make "further attempts to settle" her debt that she would have made if she received an itemization of the debt, (iii) that the letter caused her "economic stress" because "she remains in her current status of debt," and (iv) that omissions of a debtor's "payoff figure" make it more difficult for debtors to refinance. *Id.* at 1-2. Plaintiff moves amend her complaint to reflect these new allegations. *Id*. at 2.

## DISCUSSION

Since neither the complaint nor the additional submission establish standing, the motion to amend is denied, and the case is dismissed.

To establish standing, "a plaintiff must show (i) that [she has] suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC*, 141 S. Ct. at 2203 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561 (1992)). "If the plaintiff does not claim to have suffered an injury that the defendant caused and the court can remedy, there is no case or controversy for the federal court to resolve." *Ibid*. (quotations omitted).

Since the issue of standing "goes to the constitutional limitations on the 'judicial Power of the United States,'" a federal court may inquire about standing "at any time." *Green Haven Prison Preparative Meeting of Religious Soc'y of Friends v. N.Y. State Dep't of Corr. & Cmty. Supervision*, 16 F.4th 67, 78 (2d Cir. 2021) (citation omitted) (quoting U.S. Const. art. III); *see United Food & Comm. Workers Union, Loc. 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994). When standing has not been adequately alleged, a court may require a plaintiff to amend or supplement her pleadings. *Warth v. Seldin*, 422 U.S. 490, 501-02 (1975). The complaint must be dismissed if, after supplemental briefing, "the plaintiff's standing [still] does not adequately appear from all materials of record." *Ibid*.

Plaintiff's allegations fail because she has not adequately alleged that she has "suffer[ed] concrete harm because of the defendant's violation." *TransUnion LLC*, 141 S. Ct. at 2205. To satisfy this requirement, the alleged harm must bear "a 'close relationship' to a harm traditionally recognized as providing a basis for a lawsuit in American courts—such as physical harm, monetary harm, or various intangible harms including . . . reputational harm." *Id*. at 2200 (quoting *Spokeo, Inc. v. Robins*, 578 U. S. 330, 340-341 (2016)). A mere statutory violation, without more, is insufficient. *Id*. at 2205.

These principles prevent plaintiff from establishing standing based simply on the statutory violations alleged in the complaint, *see* Compl. ¶¶ 11-17, or on plaintiff's supplemental allegation that she "expended attorney time" discussing a "useless" letter, Letter 1. Without more, an "asserted informational injury that causes no adverse effects cannot satisfy Article III." *TransUnion LLC*, 141 S. Ct. at 2214 (quotations omitted); *see Spokeo*, 578 U.S. at 341 (stating that "a bare procedural violation, divorced from any concrete harm," does not create standing); *see also Rogers v. LVNV Funding, LLC*, No. 21-CV-796 (ENV) (RLM), 2022 WL 2292836, at *2

(E.D.N.Y. June 24, 2022); *Green v. Forster & Garbus, LLP*, No. 19-CV-3550 (JS) (SIL), 2022 WL 939743, at *4 (E.D.N.Y. Mar. 29, 2022); *Zlotnick v. Equifax Info. Servs., LLC*, No. 21-CV-7089 (GRB) (JMW), 2022 WL 351996, at *2 (E.D.N.Y. Feb. 3, 2022); *In re FDCPA Mailing Vendor Cases*, 551 F. Supp. 3d 57, 64-66 (E.D.N.Y. 2021). And while "downstream consequences from failing to receive the required information" might confer standing, *TransUnion LLC*, 141 S. Ct. at 2214 (quotations omitted), a plaintiff cannot establish standing through her own choice to consult a lawyer about an allegedly deficient mailing, *Cavazzini v. MRS Assocs.*, No. 21-CV-5087 (ARR) (ST), 2021 WL 5770273, at *7 (E.D.N.Y. Dec. 6, 2021) ("[H]iring an attorney similarly does not support standing because the burdens of bringing a lawsuit cannot be the sole basis for standing."); *cf. Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 108 (1998) ("[R]eimbursement of the costs of litigation cannot alone support standing."). "[T]o allow otherwise would enable litigants to 'manufacture standing merely by inflicting harm on themselves.'" *Cavazzini*, 2021 WL 5770273, at *7 (quoting *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 416 (2013)).

Nor does plaintiff establish standing through her allegation that defendant's error prevented her "from reconciling the FDCPA letter" against a state-mandated notice or a monthly billing statement. Letter 1. Insofar as plaintiff alleges that she was confused by the challenged letter since it was not easily reconciled against other documents, her allegation is inadequate because "the state of confusion is not itself an injury [for purposes of Article III]." *Pennell v. Glob. Tr. Mgmt., LLC*, 990 F.3d 1041, 1045 (7th Cir. 2021); *see TransUnion LLC*, 141 S. Ct. at 2214; *see also Garland v. Orlans, PC*, 999 F.3d 432, 437 (6th Cir. 2021) ("Confusion does not have a close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit." (quotations omitted)); *Faherty v. Rubin & Rothman, LLC*, No. 21-CV-650 (AWT), 2022 WL 1025958, at *5 (D. Conn. Apr. 6, 2022) (collecting cases).

4

Plaintiff fares no better in alleging that she "would have made further attempts to settle the matter" if defendant had included an itemization. Letter 2. Plaintiff's allegation that she *refrained* from spending additional time and effort on settlement is not, standing alone, a concrete injury. *See Spokeo*, 578 U.S. at 341 (explaining that concrete injuries are those that bear a "close relationship" to a harm traditionally recognized as providing a basis for a lawsuit in American courts). And while plaintiff might well establish standing by plausibly alleging that she would have actually settled her debt if defendant's letter had been FDCPA-compliant, she has not done so here. To the contrary, she alleges no facts supporting an inference that her "further attempts to settle the matter" would have actually led to a resolution of her debt or any other concrete benefit. She provides, for instance, no information about prior settlement attempts, the offer she would have made, or the bank's past responses. In the absence of any such facts, plaintiff has alleged no more than that the letter's asserted deficiencies led her to refrain from expending effort on settlement—not a concrete harm.

For similar reasons, plaintiff's allegations of "economic stress" fall short. Letter 2. Plaintiff suggests that the deficient letter "cause[d] her economic stress as she remains in her current status of debt to defendant's client." *Ibid*. But plaintiff has not set out any facts suggesting that defendant's letter is causally connected to her "current status of debt," because she has not set forth facts supporting the inference that she would have resolved her debt if she had obtained a different type of letter. The closest plaintiff comes is her statement that the absence of a "payoff figure . . . delays the process to obtain new financing." Letter 2. But plaintiff does not allege that she attempted to obtain new financing or even that she "inten[ded]" to do so. *Lujan*, 504 U.S. at 564 (brackets and quotations omitted). Accordingly, she has not adequately alleged that she was "actual[ly]" harmed by the absence of a payoff figure. *Clapper*, 568 U.S. at 409; *see Zlotnick v.*

*Equifax Info. Servs., LLC*, No. 21-CV-7089 (GRB) (JMW), 2022 WL 351996, at *2 (E.D.N.Y. Feb. 3, 2022) (no standing where plaintiff alleged only a "chilling effect on future applications for credit"); *Grauman v. Equifax Info. Servs., LLC*, 549 F. Supp. 3d 285, 292 (E.D.N.Y. 2021) (no standing where plaintiff made "no claim that he tried or was imminently planning to try . . . to procure credit").

If plaintiff's reference to "economic stress" is meant to allege that defendant's mailing caused her anxiety or emotional distress, these allegations likewise do not confer standing. The "bare allegation[] of . . . anxiety do[es] not qualify as injuries in fact." *Gross v. TransUnion, LLC*, No. 21-CV-1329 (BMC), 2022 WL 2116669, at *3 (E.D.N.Y. June 13, 2022) (quoting *Garland*, 999 F.3d at 440) (collecting cases). As several courts in this district have recognized, the distress or anxiety caused by "simply mailing a collection letter, even if erroneous, is a far cry from extreme and outrageous conduct" required to assert a cognizable claim for emotional harm. *Cavazzini*, 2021 WL 5770273, at *4 (quoting *In re FDCPA Mailing Vendor Cases*, 551 F. Supp. 3d 57, 65 (E.D.N.Y. 2021)); *see Schmelczer v. Penn Credit Corp*., No. 20-CV-2380 (KMK), 2022 WL 862254, at *7 (S.D.N.Y. Mar. 23, 2022) (collecting cases).

Finally, plaintiff's comparison to "intrusion upon seclusion" is inapposite. *See* Letter 1 (citing *Gadelhak*, 950 F.3d 458). While the tort of "intrusion upon seclusion" shields individuals from being "'hound[ed]'" by "irritating intrusions" upon their privacy, *Gadelhak*, 950 F.3d at 462 (quoting *Restatement (Second) of Torts* § 652B cmt.d (Am. Law Inst. 1977)), plaintiff's objection to the mailing is not that it was unwanted or unauthorized, but rather that it omitted required information that plaintiff desired, *see* Letter 1-2. As such, defendant's alleged violations do not involve "the same *kind* of harm" that the tort of intrusion upon seclusion was established to remedy. *Gadelhak*, 950 F.3d at 463.

In sum, neither plaintiff's original complaint nor her supplemental allegations establish standing. Accordingly, the motion to amend is denied. While a court should grant leave to amend freely when justice so requires, Fed. R. Civ. P. 15(a), leave may be denied "for good reason, including futility." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Amendment is futile when, "as a matter of law, . . . proposed amendments would fail to cure prior deficiencies." *Rukoro v. Fed. Republic of Germany*, 976 F.3d 218, 228 (2d Cir. 2020) (quoting *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012)). Since plaintiff's proposed amendments do not cure the defects in standing, amendment would be futile. And since "standing" still "does not adequately appear from all the materials of the record, the complaint must be dismissed." *Warth*, 422 U.S. at 502.

## CONCLUSION

The complaint is dismissed without prejudice to refiling in state court if appropriate. *See TransUnion*, 141 S. Ct. at 2224 n.9 (Thomas, J., dissenting) (suggesting that state courts may have jurisdiction over certain claims even in the absence of Article III standing). Leave to amend is denied because plaintiff's proposed amendment would not cure the deficiencies in the complaint. The Clerk of Court is respectfully directed to enter judgment and close the case.

SO ORDERED.

                                                  */s/ Rachel Kovner*
                                                  RACHEL P. KOVNER
                                                  United States District Judge

Dated: August 1, 2022
      Brooklyn, New York